UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY ROWLAND, *et al.*, | No. C-10-5536 EMC |
| Plaintiffs, | |
| v. | **ORDER OF DISMISSAL** |
| LYDIA DIANNE BACA, | |
| Defendant. _____/ | |

Plaintiffs Rodney Rowland and Malinka Moye (collectively "the Plaintiffs") have filed an amended complaint ("the amended complaint") against Defendant Lydia Dianne Baca, alleging that Ms. Baca engaged in fraud and conspiracy, and caused intentional infliction of emotional distress.

## I. DISCUSSION

The Court concludes that the Plaintiffs have failed to state a claim for which relief may be granted because the instant action is barred by the doctrine of res judicata. "The doctrine of res judicata provides that a final judgment on the merits [in one lawsuit] bars further claims by parties or their privies [in a subsequent lawsuit] based on the same cause of action . . . ." *Headwaters Inc. v. United States Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005) (internal quotation marks omitted). The "doctrine is intended to promote judicial efficiency and the finality of judgments . . . ." *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1160 (9th Cir. 2002). Notably, the Supreme Court has emphasized that res judicata is applicable even when the judgment in the first action

> may have been wrong or rested on a legal principle subsequently overruled in another case. . . . [A]n "erroneous conclusion" reached by the court in the first suit does not deprive the defendants in the second action "of their right to rely upon the plea of *res judicata*. . . . A judgment merely voidable because based upon an erroneous view of

> the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause [of action]." We have observed that "[the] indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of res judicata to avert."

*Federated Dep't Stores*, 452 U.S. 394, 398-99 (1981). Thus, the Supreme Court has held that where the doctrine of res judicata applies, society's interest in finality of judgments requires that the subsequent case be dismissed.

"The elements necessary to establish res judicata are: (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Headwaters*, 399 F.3d at 1052 (internal quotation marks omitted). Each of these elements is satisfied in the instant case.

The first element of res judicata is met because the claims are identical. Previously, Mr. Moye filed a lawsuit in this District, *Moye v. Collins, et al.*, No. C-08-2051 PJH, in which he argued that Ms. Baca, along with fourteen other defendants, violated, *inter alia*, the Uniform Fraudulent Transfer Act of 1966 ("the UFTA") (presumably referring to California Civil Code § 3439, *et seq.*); the Uniform Fraudulent Conveyance Act (the predecessor to the Uniform Fraudulent Transfer Act); conspiracy; and "bank and realty fraud." *Moye v. Collins, et al.*, No. C-08-2051, Docket No. 10 (Order at 1). The complaint in *Moye v. Collins* alleged no facts in support of Mr. Moye's claims, but the assertions appear to allege the same wrongdoing as the case at bar, *Moye v. Collins, et al.*, No. C-08-2051, Docket No. 1.

Mr. Moye also filed various lawsuits[1] in this District before Judge Alsup in which he alleged a series of overlapping grievances against defendants, including Ms. Baca, involving the illegal transfer, embezzlement, and robbery of the so-called "Hurdle estate." *See Moye v. Baca, et al.,* No. C-09-5464, Docket No. 8. Mr. Moye alleged that Ms. Baca took part in a conspiracy with Zephyr Real Estate to fraudulently transfer the Hurdle Estate. *Moye v. Zephyr Real Estate, et al.,* No. C-09-5464, Docket No. 1. Mr. Moye also alleged that Ms. Baca was illegally granted a restraining order,

---

[1] *See* No. C-09-3892; No. C-09-3895; No. C-09-3896; No. C-09-3897; No. C-09-3899; No. C-09-3900; No. C. 09-3902; No. C-09-5464.

1  and San Francisco Superior Court continues to deny trial. *Moye v. Baca,* No. C-09-3902, Docket
2  No. 1.

3  Likewise, the instant case is based on the same exact claims of fraud and conspiracy. First,
4  the Plaintiffs allege that Ms. Baca has engaged in an "ongoing realty scam," Am. Compl. ¶ 4, in
5  which she purchased the Plaintiffs' family residence, the Hurdle estate, and continues to squat there.
6  Second, the Plaintiffs allege that Ms. Baca has engaged in civil conspiracy related to a criminal trial
7  against Mr. Moye; this alleged conspiracy resulted in Mr. Moye being subjected to a restraining
8  order. Am. Compl. ¶ 4. Accordingly, there is an identity of claims between the instant case and the
9  prior lawsuits discussed above.

10  The second element of res judicata is met because Judge Hamilton issued a final judgment on
11  the merits in *Moye v. Collins, et al.*, No. C-08-2051, Docket No. 11. Likewise, Judge Alsup issued a
12  final judgment on the merits in *Moye v. City and County of San Francisco,* No. C-09-3897, Docket
13  No. 17; *see also Moye v. Baca,* No. C-09-3902, Docket No. 16.

14  Third, there is privity between the parties because, in the *Moye v. Collins, et al.* action and in
15  the *Moye v. Baca* action, the same Defendant was sued as here, *i.e.*, Ms. Baca. Ms. Moye, the
16  Plaintiff herein is also the Plaintiff in the above actions.

17  The Court also notes that the Plaintiffs currently bring a claim for intentional infliction of
18  emotional distress – *see* Am. Compl. ¶ 2 ("Federal employee [Baca] intentionally inflicting [sic]
19  emotional distress by fraud") – is also barred by res judicata because the intentional infliction of
20  emotional distress claim arose out of the "same transactional nucleus of facts" as the prior lawsuits
21  against Ms. Baca.. *See Le v. County of Contra Costa,* No. 99-04996, 2001 U.S. Dist. LEXIS 20239,
22  at *4 (N.D. Cal. Dec. 6, 2001). In *Liem Le v. County of Contra Costa*, the court noted that "[i]f the
23  two suits do arise out of the same transaction, subsequent grounds for recovery are barred if they
24  were raised or could have been raised in the first case." *Id.* In the instant case, the intentional
25  infliction of emotional distress claim stems from the realty fraud and conspiracy claims against Ms.
26  Baca. Consequently, the Court finds that the Plaintiffs could have raised intentional infliction of
27  emotional distress in the first claim based on the same factual allegations. *See Adams v. California*
28  *Department of Health Services,* 487 F.3d 684 (9th Cir. 2007) (holding that job applicant's civil

1 rights and tort claim was barred by res judicata because it arose out of same transactional nucleus of
2 facts as previous complaint).

3 Because res judicata is applicable, the Court has no choice but to dismiss the case with
4 prejudice as to Plaintiff Moye.

5 As to Plaintiff Rowland, the amended complaint state no facts asserting any legal right he
6 has independent of Ms. Moye. Indeed, there is no description of how his rights were allegedly
7 violated by Ms. Baca. The complaint thus fails to meet the specificity requirement of *Twombly* and
8 *Iqbal*. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Iqbal v. Ashcroft*, 129 S.Ct. 1937
9 (2009). Mr. Rowland's claims are dismissed with leave to amend. Should Mr. Rowland file another
10 amended complaint, he will need to identify why he is not bound by the earlier judgments against
11 Ms. Moye.

## II. CONCLUSION

Because res judicata bars the instant action by Ms. Moye, the Court dismisses her claims with prejudice. The Court dismisses Mr. Rowland's claim without prejudice. He is granted leave to file an amended complaint within 30 days of this order. Otherwise, this case will be closed.

IT IS SO ORDERED.

Dated: March 8, 2011

_____
EDWARD M. CHEN
United States Magistrate Judge

United States District Court
For the Northern District of California

1
2
3
4
5              UNITED STATES DISTRICT COURT
6              NORTHERN DISTRICT OF CALIFORNIA
7
8  RODNEY ROWLAND, MALINKA MOYE,           No. C-10-5536 EMC
9           Plaintiffs,
10      v.
                                           **CERTIFICATE OF SERVICE**
11 LYDIA DIANNE BACA,
12          Defendant.
13 _____/
14
15      I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern
16 District of California.  On the below date, I served a true and correct copy of the attached, by placing
17 said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing
18 said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery
19 receptacle located in the Office of the Clerk.
20
21 Rodney Rowland                           Malinka Moye
   40. 42 Parson Street                    40. 42 Parson Street
22 San Francisco, CA  94118                 San Francisco, CA  94118
   415/921-4935                            415/921-4935
23
24 Dated: March 8, 2011                     RICHARD W. WIEKING, CLERK
25
26                                         By:   /s/ Leni Doyle
                                                 Leni Doyle
27                                               Deputy Clerk
28